UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jack Yvars

    v.

                                                   Case No. 24-cv-237-SE

                                                   Opinion No. 2025 DNH 019

AstraZeneca Pharmaceuticals LP

**O R D E R**

AstraZeneca Pharmaceuticals LP terminated Jack Yvars in 2022 when he did not comply with its mandatory COVID-19 vaccination policy. Yvars alleges that AstraZeneca violated his rights under state and federal statute by discriminating against him based on his religion. He also alleges that AstraZeneca wrongfully terminated him under New Hampshire common law and improperly withheld his wages. AstraZeneca moves to dismiss the complaint under Rule 12(b)(6) on the basis that it fails to state a claim.

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

To test a complaint's sufficiency, the court must first identify and disregard statements that "merely offer 'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" Ocasio–Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Iqbal, 556 U.S. at 678 (alterations omitted)). Second, the court must credit as true all

nonconclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine if the claim is plausible. See id.

Background

Consistent with this standard of review, the following facts taken from the complaint are assumed true. Yvars worked for AstraZeneca as a sales representative from October 17, 2011, until April 29, 2022. In January 2022 during the COVID-19 pandemic, AstraZeneca issued a mandatory COVID-19 vaccination policy. Under the policy, AstraZeneca said that it would fire any employee who was not vaccinated against COVID-19 by a certain date, and had not received a medical, religious, or otherwise applicable exemption. AstraZeneca required employees to submit any exemption request by February 28, 2022.

On February 21, 2022, Yvars requested a religious exemption to the vaccination policy. Yvars listed several reasons in support of his request, including because the COVID-19 vaccine was either made or tested with aborted human fetal cells.

AstraZeneca denied Yvars's exemption request in an email dated March 31, 2022. The email gave Yvars until April 22, 2022, to receive his first dose of the COVID-19 vaccine. The email added that if Yvars failed to do so, AstraZeneca would terminate his employment effective April 29, 2022.

Yvars asked AstraZeneca to reconsider its decision. He also asked AstraZeneca to engage in an interactive process to reasonably accommodate his religious beliefs. AstraZeneca responded that its decision regarding Yvars's request was final.

Yvars declined to get vaccinated against COVID-19 by April 22, 2022. AstraZeneca terminated his employment on April 29, 2022. This action followed.

2

## Discussion

Yvars's complaint includes five counts. The first three allege that AstraZeneca violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., and New Hampshire Revised Statute Annotated ("RSA") § 354-A by discriminating against Yvars on the basis of his religion: religious discrimination based on a failure to accommodate (Count I); retaliation based on religion (Count II); and religious discrimination based on harassment/hostile work environment (Count III). He also asserts a claim for wrongful discharge under New Hampshire common law (Count IV), and a claim for wrongful withholding of wages in violation of RSA 275 (Count V).[1]

AstraZeneca moved to dismiss the complaint in its entirety. After AstraZeneca filed its motion, Yvars voluntarily dismissed Counts II and III. Doc. no. 18. Also shortly after AstraZeneca filed its motion, the First Circuit issued Bazinet v. Beth Israel Lahey Health, Inc., 113 F.4th 9 (1st Cir. 2024). In that case, the First Circuit held that objections on the basis that COVID-19 vaccines were "developed using fetal cell lines that originated from aborted fetuses" were sufficient to plead a religious belief that conflicts with a vaccination policy for the purpose of a Title VII religious discrimination claim at the motion to dismiss stage. Id. at 16. In light of the Bazinet case, AstraZeneca's reply withdrew its motion to dismiss as it pertains to Count I. See doc. no. 14 at 1 n.1. Therefore, the court addresses AstraZeneca's motion to dismiss as it relates to Counts IV and V only.

---

[1] Although Count V is titled "Wage Claim NH RSA 279 et seq.," the allegations supporting that count reference RSA 275. See doc. no. 1-1, ¶ 81. AstraZeneca assumes in its motion to dismiss that Yvars intended to bring a wrongful withholding of wages claim under RSA 275 and moves to dismiss that claim. Yvars confirms in his objection that the reference to RSA 279 in his complaint was an error, and that he is asserting a claim under RSA 275 for the wrongful withholding of his wages.

I.       Wrongful Discharge (Count IV)

Yvars alleges in Count IV that AstraZeneca wrongfully discharged him because of his refusal to be vaccinated against COVID-19. A wrongful discharge claim under New Hampshire law contains two elements: "(1) the employer terminated the [plaintiff's] employment out of bad faith, malice, or retaliation; and (2) the employer terminated the employment because the employee performed acts that public policy would encourage or because she refused to perform acts that public policy would condemn." Donovan v. S. New Hampshire Univ., 175 N.H. 489, 492 (2022).

Under New Hampshire law, an "employer's bad faith or malice may be established where (i) an employee is discharged for pursuing policies condoned by the employer, (ii) the record does not support the stated reason for the discharge, or (iii) disparate treatment was administered to a similarly situated employee." Hidalgo-Semlek v. Hansa Med., Inc., 498 F. Supp. 3d 236, 268 (D.N.H. 2020) (quotations omitted). "Bad faith can also be discerned from the course of events surrounding an employee's discharge, 'the manner in which the plaintiff was discharged,' or shifting reasons for an employee's termination." Id. (quoting Cloutier v. Great Atl. & Pac. Tea Co., 121 N.H. 915, 921 (1981)).

AstraZeneca makes several arguments in favor of dismissal, including that Yvars does not allege that AstraZeneca fired him out of bad faith, malice, or retaliation. The court agrees that the complaint contains no allegations that could satisfy this element of a wrongful discharge claim. The complaint alleges that AstraZeneca implemented the vaccination policy, Yvars did not comply with the policy and, as a result, AstraZeneca fired him. Yvars alleges no facts that could allow the court to draw the reasonable inference that his termination was motivated by bad faith, malice, or retaliation.

4

Yvars has not sufficiently alleged the first element of a wrongful discharge claim and AstraZeneca is therefore entitled to dismissal of that claim. Because Yvars does not sufficiently allege the first element of the claim, the court does not address AstraZeneca's other arguments in favor of dismissal.

II.    Wrongful Withholding of Wages (Count V)

Yvars alleges that AstraZeneca violated RSA 275:48 when it fired him without paying him an $8,000 bonus that he had earned prior to his termination. RSA 275:48, "generally speaking, prohibits employers from withholding or diverting any portion of an employee's wages unless authorized by law or by written agreement of the employee." Camp v. Bimbo Bakeries USA, Inc., No. 18-CV-378-SM, 2018 WL 6606243, at *4 (D.N.H. Dec. 17, 2018).

AstraZeneca argues that the wage claim should be dismissed because the allegations supporting the claim are conclusory. It argues that Yvars does not allege any basis for his entitlement to a quarterly bonus or any details regarding the bonus program. Yvars is not required to include such detail at this stage. Accepting as true all well-pleaded factual allegations in the complaint and drawing all reasonable inferences in Yvars's favor, Yvars alleges that he was due an $8,000 quarterly bonus that AstraZeneca withheld without a proper basis. Therefore, the allegations in the complaint are sufficient to make out a claim for the wrongful withholding of wages. Whether Yvars has any evidentiary support for his allegations is a separate issue, one that is better addressed in a motion for summary judgment.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss the complaint (doc. no. 4) is granted as to Count IV and is otherwise denied.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

February 19, 2025

cc: Counsel of Record